IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-150-D-1
No. 5:11-CV-119-D

| | | |
|---|---|---|
| FREDRICK DEMOND BATTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 15, 2011, Fredrick Demond Battle ("Battle") moved to vacate, set aside, or correct his 120-month sentence pursuant to 28 U.S.C. § 2255 [D.E. 45]. That same day, Battle also moved to stay his section 2255 motion while he was being transported to a different prison [D.E. 46]. On March 23, 2011, the court ordered Battle to resubmit his section 2255 motion on the proper form [D.E. 48]. On April 8, 2011, Battle moved for an extension of time to respond to the court's order [D.E. 49], and for a copy of his case records [D.E. 50]. On April 19, 2011, the court granted Battle's motion for an extension of time [D.E. 51]. On May 11, 2011, Battle filed a second motion for an extension of time to respond to the court's March 23, 2011 order, and a motion to compel production of his legal files [D.E. 52]. On June 7, 2011, the court granted Battle's motion for an extension of time [D.E. 53]. On July 5, 2011, Battle filed an amended section 2255 motion on the proper form [D.E. 54].

On August 16, 2011, the government moved to dismiss Battle's amended section 2255 motion [D.E. 57] and filed a supporting memorandum [D.E. 58]. On August 17, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Battle about

the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 59]. On September 2, 2011, Battle responded in opposition to the government's motion to dismiss [D.E. 60]. As explained below, the court grants the government's motion to dismiss and dismisses Battle's amended section 2255 motion. The court denies the remaining motions as moot.

I.

On May 21, 2009, a grand jury in the Eastern District of North Carolina indicted Battle for conspiracy to distribute and to possess with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, attempted possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession with the intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). See [D.E. 1] 1–2.

On December 7, 2009, the court arraigned several defendants, including Battle. See [D.E. 36]. The court asked all defendants present, including Battle, whether "any defendant . . . has taken any drugs, medicine, pills, or drunk any alcoholic beverages in the last 24 hours." Arraignment Tr. [D.E. 63] 15–16. Battle did not indicate that he had. See id. 16. The court then asked whether "any defendant . . . does not understand what is happening [in court] today." Id. Battle did not indicate that he did not understand. See id. Next, the court asked each lawyer representing a defendant whether the lawyer had "any doubt or questions about [his] client's competence to enter a plea [in court] today." Id. Battle's attorney, Thomas Manning ("Manning"), voiced no concerns. See id. The court then advised Battle and the other defendants about all of their rights under the Constitution and laws of the United States and the consequences of pleading guilty. See id. 5–18; cf. Fed. R. Crim. P. 11(b).

After Battle was sworn, the court asked Battle specifically whether he had heard all of the questions the court asked the defendants as a group. Arraignment Tr. 19. Battle, speaking under

2

oath, stated that he did. Id. Battle did not indicate that he wished to change his answer to any of the court's earlier questions. See id. Specifically, Battle provided no indication that he was presently suffering from any deficient mental state, that he was presently under the influence of drugs, alcohol, or medications, or that he was unable to hear and understand the proceedings. See id. 19–20. The court then asked Manning whether he had any reason to believe that Battle was not competent to proceed with his arraignment. Id. Manning did not. Id. 20. The court next asked the Assistant United States Attorney ("AUSA") whether he had any reason to believe that Battle was not competent to proceed with his arraignment. Id. The AUSA did not. Id. Based on Battle's, Manning's, and the AUSA's answers to the court's questions, and based on the court's observations of Battle, the court found and announced that Battle was competent to proceed with his arraignment. Id.

Having found that Battle was competent to proceed, the court conducted a Rule 11 colloquy. See id. 20–31. The court first advised Battle of the charges against him and of the potential penalties Battle faced. See id. 20–23. Battle stated, under oath, that he understood the charges against him and the potential penalties he faced. Id. The court then discussed the consequences of pleading guilty. Id. 23–26. The court informed Battle that "if [he] were to go to trial on [his] charges . . . , the government would have to prove through competent evidence and beyond a reasonable doubt that [Battle], in fact, did what is charged in the indictment." Id. 24. Battle stated, under oath, that he understood. Id. The court also asked Battle whether he understood that by pleading guilty, he would waive his right to require the government to prove every element of the charged offenses beyond a reasonable doubt. See id. 6–7, 23–24. Battle, under oath, stated that he understood. Id. 24. The court then discussed Battle's plea agreement, making special note of the appellate and collateral-attack waiver provision contained in paragraph 2(c). See id. 26–27; see also [D.E. 37] ¶

3

2(c). Battle stated that he understood the waiver provision. Arraignment Tr. 27.

Next, the court asked Battle several questions regarding whether Battle was knowingly and voluntarily pleading guilty. See id. 28–29. Battle stated under oath that his guilty plea was knowing and voluntary. See id. Battle then pleaded guilty, pursuant to his written plea agreement, to conspiring to distribute and to possess with the intent to distribute more than 500 grams of cocaine. Id. 30–31; see [D.E. 37] ¶¶ 3–4.

The court then received a proffer from the government as to what the evidence would have shown had Battle gone to trial. See Arraignment Tr. 31–33. After the government summarized the evidence, the court found and announced that an independent factual basis supported Battle's guilty plea. Id. 34. The court then found and announced that Battle's guilty plea was freely and voluntarily entered, and the court accepted the guilty plea. Id. 33–34.

On April 8, 2010, the court held a sentencing hearing in Battle's case. See [D.E. 42]. After Battle was sworn, the court again found that Battle was competent. Sentencing Tr. [D.E. 64] 2–3. The court then asked Battle and Manning whether they had received copies of the Presentence Report ("PSR"). Id. 4. Both affirmed that they had. Id. The court next asked Battle whether he had spoken with Manning about the PSR. Id. 5. Battle, speaking under oath, said that he had. Id. After hearing from Manning, Battle, and the AUSA, and after considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Battle to 120 months' imprisonment for his conspiracy conviction, and dismissed the other two counts in Battle's indictment. See [D.E. 42–43]. Battle did not appeal his sentence.

On March 15, 2011, Battle filed his section 2255 motion [D.E. 45] and moved to stay his section 2255 motion while he was being transported to a different prison [D.E. 46]. In his section 2255 motion, Battle raised four claims: (1) Manning provided ineffective assistance of counsel by

4

failing to appeal Battle's conviction and sentence, (2) Manning provided ineffective assistance of counsel by failing to fully investigate Battle's case before advising Battle to plead guilty, (3) Manning provided ineffective assistance of counsel by failing to object to an obstruction-of-justice sentencing enhancement, and (4) Manning provided ineffective assistance of counsel by failing "to object to an unconstitutional aggravating circumstance." See [D.E. 45] 6, 8–10.

On July 5, 2011, Battle filed an amended section 2255 motion. See Am. Mot. [D.E. 54]. In his amended section 2255 motion, Battle raises five claims: (1) Manning provided ineffective assistance of counsel by failing to fully investigate Battle's case before advising Battle to plead guilty, id. 4, (2) Manning provided ineffective assistance of counsel by failing to get counts two and three of the indictment dismissed, id. 5, (3) Manning provided ineffective assistance of counsel by failing to require the government to prove each element of the charged offenses, id. 7, (4) Manning provided ineffective assistance of counsel by failing to review the PSR with Battle, id. 8, and (5) Manning provided ineffective assistance of counsel by failing at Battle's arraignment to inform the court that Battle was having "severe mental issues at the time," id. 13. On August 16, 2011, the government moved to dismiss Battle's amended section 2255 motion [D.E. 57] and filed a supporting memorandum [D.E. 58]. On September 16, 2011, Battle responded in opposition to the government's motion to dismiss [D.E. 62].

II.

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course within twenty-one days after service or, if the pleading requires a response, within twenty-one days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the written consent of the opposing party or with leave of court. Fed. R. Civ. P. 15(a)(2). A court should freely grant

5

leave to amend a pleading unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (quotation omitted); see Steinburg v. Chesterfield Cnty. Planning Comm'n, 527 F.3d 377, 390 (4th Cir. 2008). Whether to grant leave to amend a pleading is committed to the sound discretion of the trial court. Steinburg, 527 F.3d at 390; United States v. Pittman, 209 F.3d 314, 316 (4th Cir. 2000).

Battle filed his original section 2255 motion on March 15, 2011. See [D.E. 45]. On July 5, 2011, at the court's direction and before the government moved to dismiss, Battle filed his amended section 2255 motion. See Am. Mot. Battle's amended section 2255 motion is proper under Rule 15. The court now reviews Battle's amended section 2255 motion to determine whether Battle has stated a claim upon which relief may be granted.

### III.

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 677–80. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–78.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano, 521 F.3d at 304 n.5 (quoting Twombly, 550 U.S. at 555); see Iqbal, 556 U.S. at 677–78; Coleman, 626 F.3d at 190; Nemet Chevrolet, 591 F.3d at 255–56; Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

In his section 2255 motion, Battle raises five claims of ineffective assistance of counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea that, due to counsel's ineffective assistance, was involuntary or unknowing cannot stand. See Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Likewise, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 694; see also Missouri v. Frye, 132 S. Ct. 1399, 1409–10 (2012); Lafler v. Cooper, 132 S. Ct. 1376, 1384–85

7

(2012); Hill, 474 U.S. at 57; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc).

As for Strickland's first requirement, "the proper standard for attorney performance is that of reasonably effective assistance." Strickland, 466 U.S. at 687. When it considers whether an individual has satisfied this requirement, a reviewing court must judge counsel's conduct against "an objective standard of reasonableness." Van Hook, 130 S. Ct. at 16 (quotation omitted); see Strickland, 466 U.S. at 688. Counsel necessarily makes numerous tactical decisions during the various phases of a criminal proceeding, including sentencing. See Strickland, 466 U.S. at 689; see also Wiggins v. Smith, 539 U.S. 510, 521–23 (2003). Thus, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008).

As for Strickland's second requirement, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691; see Van Hook, 130 S. Ct. at 19–20. To establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. When a defendant alleges ineffective assistance of counsel in connection with a guilty plea and makes no contention concerning plea bargaining, he must show that, but for counsel's error, there is a reasonable probability that he would have gone to trial instead of pleading guilty. See Fields, 956 F.2d at 1297; cf. Frye, 132 S. Ct. 1409–10. Similarly, when a defendant alleges ineffective assistance of counsel at sentencing, he must show that, but for counsel's error, there is a reasonable probability that he would have received a shorter sentence. See Glover, 531 U.S. at

8

203–04; see also Lafler, 132 S. Ct. at 1386.

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. In analyzing an ineffective assistance of counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

In his first claim for ineffective assistance of counsel, Battle argues that Manning failed to properly investigate the conspiracy charge before advising Battle to plead guilty to it. See Am. Mot. 4; Resp. Opp'n Mot. Dismiss 3. Battle contends that "[t]here was never in fact a conspiracy as charged because key elements of a conspiracy are missing." Am. Mot. 4; see Resp. Opp'n Mot. Dismiss 2–3. Thus, according to Battle, "it is clear that . . . [Manning] did not conduct the required pre plea investigation." Resp. Opp'n Mot. Dismiss 3; see Am. Mot. 4. Specifically, Battle asserts that Manning failed to "interview coconspirants [sic]," failed to "look into [an] unidentified coconspirant [sic]," and failed to "interview [Battle] about [the] unidentified coconspirant [sic], or inform [Battle] about [the] identity of [the] unidentified coconspirant [sic]." Am. Mot. 4.

The collateral-attack waiver in Battle's plea agreement bars this claim. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The court may rely on a defendant's sworn statements made during the Rule 11 colloquy to conclude that the defendant made a collateral-attack waiver knowingly and voluntarily. Id. at 221–22; see Blackledge, 431 U.S. at 73–74. Thus, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any [section] 2255 motion that necessarily relies on allegations that contradict the sworn statements." Lemaster, 403 F.3d at 221–22.

9

In his plea agreement, Battle agreed "[t]o waive knowingly and expressly . . . all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel . . . not known to [Battle] at the time of [his] guilty plea." [D.E. 37] ¶ 2(c). When he pleaded guilty, Battle affirmed under oath that he knowingly and voluntarily agreed to the terms of the plea agreement, including the collateral-attack waiver. See Arraignment Tr. 26–31. Battle's waiver of his right to contest his conviction or sentence by filing a section 2255 motion is therefore valid and enforceable. See Lemaster, 403 F.3d at 220–22.

Battle knew the facts underlying his first claim for ineffective assistance of counsel when he pleaded guilty on December 7, 2009. Battle's assertion that Manning failed to properly investigate Battle's conspiracy charge derives entirely from Battle's claim that "[t]here was never in fact a conspiracy as charged because key elements of a conspiracy are missing." Am. Mot. 4; see Resp. Opp'n Mot. Dismiss 2–3. At Battle's arraignment, however, Battle swore under oath that he did participate in the charged conspiracy and was guilty. Arraignment Tr. 30–31. Moreover, the AUSA summarized the evidence of a drug conspiracy that the government would have presented had Battle's case gone to trial. Id. 31–33. Had Battle believed the government's evidence was incorrect or insufficient, he could have objected or moved to withdraw his guilty plea. Battle did not. Because Battle knew the facts underlying his first claim for ineffective assistance of counsel at the time of his December 7, 2009 guilty plea, the collateral-attack waiver in Battle's plea agreement bars his first claim. See United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220–22.

Alternatively, even if the collateral-attack waiver in Battle's plea agreement does not bar his first claim, the claim still fails. Specifically, Battle rests his claim on a faulty premise: that no

10

conspiracy actually existed. See Am. Mot. 4; Resp. Opp'n Mot. Dismiss 2–3. At Battle's arraignment, the court both read and summarized the conspiracy charge to Battle. See Arraignment Tr. 20–22, 30. The court then asked Battle how he pleaded to that charge. Id. 30. Battle, speaking under oath, pleaded guilty. Id. "Did you do what is charged in Count 1 of the indictment, sir?" the court then asked. Id. "Yes, sir," Battle responded under oath. Id. "Then," the court next inquired, "you are, in fact, guilty as charged of that offense, sir?" Id. 30–31. "Yes, sir," Battle answered under oath. Id. 31.

Battle's admission of guilt dooms his claim. Battle "is bound by the representations he [made] under oath during [his] plea colloquy" unless Battle can demonstrate "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299; see Blackledge, 431 U.S. at 74–75; Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984). In attempting to do so, Battle rehashes evidence presented to the court during Battle's arraignment. Compare Resp. Opp'n Mot. Dismiss 2–3, with Arraignment Tr. 31–33. At Battle's arraignment, the court listened carefully to the government's evidentiary proffer to ensure that the government provided facts establishing all elements of a criminal conspiracy. Based on that proffer, the court concluded and announced that there was an independent factual basis supporting Battle's guilty plea to conspiring to distribute and to possess with the intent to distribute more than 500 grams of cocaine. See Arraignment Tr. 34; see also [D.E. 36]. In connection with Battle's section 2255 motion, the court reviewed the indictment and the government's evidentiary proffer. An independent factual basis continues to support Battle's guilty plea. Accordingly, Battle has not plausibly alleged that he was not guilty of a drug conspiracy as charged, and is therefore bound by his sworn admission of guilt. See Blackledge, 431 U.S. at 74–75; Fields, 956 F.2d at 1299; Little, 731 F.2d at 239 n.2. Consequently, Battle's first claim for ineffective assistance of counsel fails.

Battle's second claim for ineffective assistance of counsel likewise fails. Battle contends that Manning provided ineffective assistance of counsel by failing "to get count 2 and count 3 dismissed." Am. Mot. 5; see Resp. Opp'n Mot. Dismiss 3–6. At sentencing, however, the court dismissed counts two and three. See [D.E. 42–43]. Thus, Battle's second claim for ineffective assistance of counsel fails.

In his third claim, Battle argues that Manning provided ineffective assistance of counsel by failing to require the government to prove each element of the charges against him. Am. Mot. 7. The collateral-attack waiver in Battle's plea agreement bars this claim as to the conspiracy count in Battle's indictment. At his arraignment, the court advised Battle that if he were to plead not guilty, he would enjoy all of his trial-related rights as to each count. See Arraignment Tr. 5–7, 23–24. The court informed Battle that these trial-related rights included a presumption of innocence, and that if Battle pleaded not guilty, the government would have to prove each element of the charged crimes beyond a reasonable doubt to a jury. Id. 6, 24. The court also advised Battle that if he pleaded guilty to the conspiracy count, he would waive all of those rights and he could be adjudged guilty without requiring the government to prove each element of the conspiracy. Id. 6–7, 23–24. Battle stated that he understood both his trial-related rights and the consequences of pleading guilty. Id. 23–24. Battle then pleaded guilty to conspiring to distribute and to possess with the intent to distribute more than 500 grams of cocaine. Id. 30–31. When he did, Battle knew that the government was no longer required to prove each element of the conspiracy count beyond a reasonable doubt. Indeed, Battle affirmed under oath that he understood that consequence of pleading guilty. Battle "is bound by the representations he [made] under oath during [his] plea colloquy" unless Battle can plausibly allege "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299; see Blackledge, 431 U.S. at 74–75; Little, 731 F.2d at 239 n.2. Battle has not done so. Because Battle knew the facts

12

underlying his third claim for ineffective assistance of counsel at the time of his December 7, 2009 guilty plea, the collateral-attack waiver in Battle's plea agreement bars his third claim as to the conspiracy count in Battle's indictment. See Blick, 408 F.3d at 168; Lemaster, 403 F.3d at 220–22.

As for the possession and attempted possession counts in Battle's indictment, Battle's third claim also fails. As explained, the court dismissed those counts at Battle's sentencing. Accordingly, Manning was not ineffective in failing to require the government to prove each element of those offenses beyond a reasonable doubt.

In his fourth claim for ineffective assistance of counsel, Battle asserts that Manning did not review Battle's PSR with Battle. Am. Mot. 8. At Battle's sentencing hearing, however, the court specifically asked Battle whether Manning had reviewed Battle's PSR with Battle. Sentencing Tr. 4–5. Battle, speaking under oath, responded that Manning had. Id. 5. Battle is bound by the "[s]olemn declarations" he made in open court at his sentencing hearing unless he can plausibly allege clear and convincing evidence to the contrary. Blackledge, 431 U.S. at 74; see Fields, 956 F.2d at 1299; United States v. Murolo, 902 F.2d 41, 1990 WL 56810, at *2 (9th Cir. May 3, 1990) (per curiam) (unpublished table decision); Bryant v. United States, Nos. 5:08-CV-55-V, 5:05-CR-237-V, 2008 WL 2705486, at *3 (W.D.N.C. July 9, 2008) (unpublished). Battle's conclusory assertion that Manning did not review the PSR with him falls well short. In fact, Battle acknowledges that he spoke with Manning to discuss objections. See Am. Mot. 8; Sentencing Tr. 4–5. Accordingly, Battle's fourth claim for ineffective assistance of counsel fails.

In his fifth claim for ineffective assistance of counsel, Battle argues that, at Battle's arraignment, Manning failed to inform the court that Battle "was having severe mental issues." Id. 13. The collateral-attack waiver in Battle's plea agreement bars this claim. Before he pleaded guilty, Battle was aware of his alleged mental health problems. According to Battle, all of those

13

problems "are documented in various reports from mental health practitioners." Id. Furthermore, at Battle's arraignment, the court specifically asked Manning whether he had any reason to believe that Battle was not competent to proceed. Arraignment Tr. 19. Manning stated that he did not. Id. 20. Before he pleaded guilty, therefore, Battle knew that Manning had not notified the court of Battle's alleged mental health problems. Accordingly, the collateral-attack waiver in Battle's plea agreement bars Battle's fifth claim for ineffective assistance of counsel. See Blick, 408 F.3d at 168; Lemaster, 403 F.3d at 220–22.

Alternatively, even if the collateral-attack waiver in Battle's plea agreement did not bar Battle's fifth claim, that claim still fails. At the December 7, 2009 arraignment proceedings, the court asked all defendants, including Battle, whether they were presently suffering from any deficient mental state, and whether they were impaired by drugs, alcohol, or medications. See Arraignment Tr. 15–16. Battle did not indicate that he was. See id. After Battle had been sworn, the court asked Battle whether he had heard and understood the court's earlier questions. Id. 19. Battle stated under oath that he had, and never indicated to the court, verbally or otherwise, that he suffered from any mental health problems. See id. 19–20. Battle "is bound by the representations he [made] under oath during [his] plea colloquy" unless Battle can plausibly allege "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299; see Blackledge, 431 U.S. at 74–75; Little, 731 F.2d at 239 n.2. Battle's conclusory assertion that he was suffering from unnamed mental health problems when he pleaded guilty fails to do so. Battle's fifth claim for ineffective assistance of counsel fails.

After reviewing the claims presented in Battle's section 2255 motion, reasonable jurists would not find the court's treatment of any of Battle's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

14

Case 5:09-cr-00150-D   Document 65   Filed 11/29/12   Page 14 of 15

IV.

In sum, the court GRANTS the government's motion to dismiss [D.E. 57] and DISMISSES Battle's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 54]. The court DENIES AS MOOT Battle's original motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 45], DENIES AS MOOT Battle's motion to stay [D.E. 46], DENIES AS MOOT Battle's motion for a copy of the case records [D.E. 50], and DENIES AS MOOT Battle's motion to compel [D.E. 52]. The court DENIES a certificate of appealability.

SO ORDERED. This 29 day of November 2012.

JAMES C. DEVER III
Chief United States District Judge