IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-150-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FREDERICK DEMOND BATTLE, )<br>)<br>Defendant. ) | **ORDER** |

On April 8, 2010, after considering the entire record, this court sentenced Frederick Demond Battle ("Battle") to 120 months' imprisonment for conspiracy to distribute with the intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846. See [D.E. 42, 43]. Battle's total offense level was 29, his criminal history score was III, and his advisory guideline range was 108 to 135 months. See Sentencing Tr. [D.E. 64] 6.

On January 14, 2015, Battle moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782. See [D.E. 73]. Battle's amended total offense level is 27, his criminal history category is III, and his advisory guideline range is 87 to 108 months. On August 4, 2015, the government responded in opposition. See [D.E. 74]. On August 17, 2015, Battle replied. See [D.E. 77, 78].

The court recognizes its discretion to reduce Battle's sentence. See, e.g., United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). When this court sentenced Battle he was 34 years old. See Sentencing Tr. 9. He had an extensive

criminal history, including convictions for resisting a public officer, second-degree trespass, hit/run-fail to stop for property damage, driving while license revoked, possession of stolen goods, maintaining a vehicle/dwelling place for a controlled substance, selling and delivering cocaine, assault inflicting serious injury, possession of drug paraphernalia, flee/elude arrest with a motor vehicle, and domestic criminal trespass. See id. 23; PSR. His offense conduct involved a conspiracy to distribute a large amount of cocaine. See Sentencing Tr. 18, 21–23. Moreover, in the government's response, the government makes clear that Battle has been sanctioned for possessing a cell phone and another unauthorized item while serving his 120-month sentence. See [D.E. 74] 4.

Having (again) reviewed the entire record, and having considered all relevant policy statements, the court continues to believe that Battle received the sentence that was sufficient but not greater than necessary under 18 U.S.C. § 3553(a). Battle is older than he was in 2010, but no wiser and no less dangerous. Battle's early release would threaten public safety. Accordingly, the court denies Battle's motion for a sentence reduction. See, e.g., Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Battle's motion for a sentence reduction [D.E. 73] is DENIED.

SO ORDERED. This 17 day of August 2015.

JAMES C. DEVER III
Chief United States District Judge