IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-150-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FREDERICK DEMOND BATTLE, ) | |
| ) | |
| Defendant. ) | |

On December 7, 2009, Frederick Demond Battle ("Battle") pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute and possess wtih intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 [D.E. 36, 37]. On April 8, 2010, after considering the entire record, this court sentenced Battle to 120 months' imprisonment and five years' supervised release. See [D.E. 42, 43]. Battle's total offense level was 29, his criminal history score was III, and his advisory guideline range was 108 to 135 months. See Sentencing Tr. [D.E. 64] 6.

On January 14, 2015, Battle moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782 [D.E. 73]. On August 4, 2015, the government responded in opposition [D.E. 74]. On August 17, 2015, Battle replied [D.E. 78]. On August 17, 2015, the court denied Battle's motion for a sentence reduction [D.E. 81]. On August 24, 2015, Battle appealed this court's order [D.E. 82]. On November 24, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's order. United States v. Battle, 623 Fed. App'x 122 (4th Cir. 2014) (per curiam) (unpublished).

On May 5, 2016, Battle again moved for a sentence reduction under 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10(c), and U.S.S.G. Amendment 782 [D.E. 90]. Battle also requested that this case be reassigned to a different judge. See id. at 2–3. On June 5, 2016, Battle filed a motion for reduction/modification of supervised release [D.E. 91]. On June 27, 2016, Battle filed a third motion for reduction of sentence [D.E. 92].

The court has discretion to reduce Battle's sentence under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Battle's sentence, the court finds that Battle has an extensive criminal history, including convictions for resisting a public officer (five counts), second-degree trespass (two counts), hit/run-fail to stop for property damage, possession of stolen goods, maintaining a vehicle/dwelling place for a controlled substance, selling and delivering cocaine, assault inflicting serious injury, possession of drug paraphernalia, flee/elude arrest with a motor vehicle, and domestic criminal trespass. See Presentence Investigation Report ("PSR") ¶¶ 14–32. Battle's offense conduct involved a conspiracy to distribute a large amount of cocaine. See id. ¶¶ 7–12. Moreover, while incarcerated on his federal sentence, Battle has been sanctioned for possessing a cell phone and another unauthorized item. See [D.E. 74] 4.

Having reviewed the entire record and all relevant policy statements, the court finds that Battle received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

§ 3553(a). Further reducing Battle's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Battle's second motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321. Likewise, the court denies as baseless Battle's motion for recusal, his motion for reduction/modification of supervised release [D.E. 91], and his third motion for reduction of sentence [D.E. 92].

In sum, the court DENIES Battle's motion for a sentence reduction [D.E. 90], DENIES Battle's request for recusal and motion for reduction/modification of supervised release [D.E. 91], and DENIES Battle's "Motion for Reduction of Sentence -Johnson" [D.E. 92].

SO ORDERED. This 9 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge